UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and ORCA RELIEF CITIZENS' ALLIANCE,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>NATIONAL MARINE FISHERIES SERVICE; BARRY THOM, Regional Administrator of National Marine Fisheries Service West Coast Region; and WILBUR ROSS, Secretary of Commerce,<br><br>　　　　　　　Defendants. | Civil Action No. 2:19-cv-1299<br><br>**COMPLAINT** |

## INTRODUCTION

1.　　Plaintiffs Center for Biological Diversity and Orca Relief Citizens' Alliance challenge the failure of the National Marine Fisheries Service, the West Coast Regional Administrator of the National Marine Fisheries Service, and the Secretary of the U.S. Department of Commerce (collectively, "Fisheries Service" or "Defendants") to render a final decision on Plaintiffs' petition to designate a whale protection zone to protect critically endangered Southern Resident killer whales.

| | |
|---|---|
| COMPLAINT<br>Civil Action No. 2:19-cv-1299　　　　1 | CENTER FOR BIOLOGICAL DIVERSITY<br>2400 NW 80th St. #146<br>Seattle, WA 98117<br>(206) 327-2344 |

2. These iconic creatures are a cherished symbol of the Pacific Northwest's natural and cultural heritage, yet they are struggling to survive. There are now only 73 Southern Resident killer whales remaining, marking their lowest population in over 40 years. The species' alarming rate of decline in recent years means additional protections are urgently needed to prevent the orcas' extinction.

3. Several recent and highly publicized deaths have heightened scientists', conservationists', and the general public's call for action to protect these whales. In July 2018, a newborn calf lived for just under an hour. Her grieving mother "Tahlequah" carried her body for 17 days over hundreds of miles.

4. In September 2018, a three-year-old Southern Resident killer whale called "Scarlet," who showed signs of malnutrition and had been struggling to survive for months, was presumed dead. She was one of the few females of reproductive age remaining in the population. Her body was never recovered. Fisheries Service scientists concluded that because she had become so thin and had very little blubber remaining on her body, she likely sank to the seafloor.

5. Three additional adult orcas declared missing this July are now presumed dead. These dead whales include a 42-year-old female (the mother of "Tahlequah"), a 28-year-old male, and a 29-year-old male. Southern Resident killer whales need immediate action to ensure their survival and recovery.

6. The primary threats to Southern Resident killer whales are starvation from lack of adequate prey (which is almost exclusively Chinook salmon); vessel noise and disturbance that interferes with key foraging and other essential behaviors; and contaminants.

7. On November 4, 2016, Plaintiffs submitted a petition to the Fisheries Service to protect important foraging habitat for Southern Resident killer whales along with proposed supporting regulations (hereinafter "whale protection zone Petition" or "Petition"). The Petition

COMPLAINT  
Civil Action No. 2:19-cv-1299 2

CENTER FOR BIOLOGICAL DIVERSITY  
2400 NW 80th St. #146  
Seattle, WA 98117  
(206) 327-2344

1  sought a prohibition of motorized vessels from April 1 through September 30 of each year within
2  a portion of Southern Resident killer whales' designated critical habitat in the Salish Sea to
3  reduce vessel disturbance on foraging killer whales during the months they congregate there.

4      8.    Almost three years have passed since Plaintiffs submitted the whale protection
5  zone Petition, without any final response from the Fisheries Service. The Fisheries Service's
6  inaction constitutes agency action unlawfully withheld or unreasonably delayed under the
7  Administrative Procedure Act ("APA"), 5 U.S.C. §706(1), and places Southern Resident killer
8  whales at a greater risk of extinction. Accordingly, Plaintiffs seek an order from this Court
9  establishing a prompt deadline for the Fisheries Service to substantively respond to the whale
10  protection zone Petition for Southern Resident killer whales.

## JURISDICTION AND VENUE

12      9.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (actions
13  arising under the laws of the United States, including the APA, 5 U.S.C. §§ 551-706), and 28
14  U.S.C. § 1346 (actions against the United States). An actual, justiciable controversy now exists
15  between Plaintiffs and Defendants, and the requested relief is proper under 28 U.S.C. §§ 2201-02
16  (declaratory and injunctive relief) and 5 U.S.C. § 706(1) (unlawfully withheld agency action).

17      10.    The APA provides a waiver of the federal government's sovereign immunity.
18  5 U.S.C. § 702.

19      11.    Venue is proper in this district under 28 U.S.C. § 1391(e) because the events and
20  omissions giving rise to the claim are occurring in this district.

## INTRADISTRICT ASSIGNMENT

22      12.    Pursuant to Civil Local Rule 3(e), this action is properly assigned to the Seattle or
23  Tacoma Division of this Court because a substantial part of the events or omissions giving rise to
24  Plaintiffs' claims occurred in counties within these divisions.

COMPLAINT  
Civil Action No. 2:19-cv-1299      3

CENTER FOR BIOLOGICAL DIVERSITY  
2400 NW 80th St. #146  
Seattle, WA 98117  
(206) 327-2344

# PARTIES

## Plaintiffs

13. Plaintiff Center for Biological Diversity ("Center") is a nonprofit corporation that advocates for the protection of threatened and endangered species and their habitats through science, policy, and environmental law. The Center's Oceans Program focuses specifically on conserving marine wildlife and habitat. In pursuit of this mission, the Center has been actively involved in securing protections for imperiled marine mammals, including Southern Resident killer whales. In 2001, the Center filed a petition to list Southern Resident killer whales as an endangered species under the Endangered Species Act, and through legal action it secured such protections for this population. The Center also has engaged in longstanding efforts to protect Southern Resident killer whale habitat from water and noise pollution; disturbance from vessels; the risk of offshore oil drilling activities and spills; and other threats. In 2016, the Center partnered with Orca Relief Citizens' Alliance to file the whale protection zone Petition with the Fisheries Service.

14. The Center has more than 67,300 members, many of whom live on the West Coast of the United States. The Center brings this action on behalf of itself and its members. Center members and staff live near and regularly visit the San Juan Islands and Salish Sea to observe, photograph, study, and otherwise enjoy Southern Resident killer whales and their habitat. Center members have an interest in Southern Resident killer whales and their habitat, including waters around the San Juan Islands. For example, Center members regularly sail, kayak, and go whale watching to enjoy the marine habitat and look for and photograph Southern Resident killer whales. Center members and staff derive recreational, spiritual, professional, scientific, educational, aesthetic, and cultural benefits from the presence of Southern Resident

COMPLAINT
Civil Action No. 2:19-cv-1299                              4

CENTER FOR BIOLOGICAL DIVERSITY
2400 NW 80th St. #146
Seattle, WA 98117
(206) 327-2344

killer whales and their habitat. Center members and staff intend to continue to frequently engage in these activities and to use and enjoy the Southern Resident killer whale's habitat in the future.

15. Plaintiff Orca Relief Citizens' Alliance ("Orca Relief ") is a non-profit organization committed to the conservation of killer whales, with a primary focus on the Southern Resident killer whales of the Pacific Northwest. For more than 20 years, Orca Relief has continued its longstanding commitment to protect Southern Resident killer whales through scientific research, governmental action, and public information. Orca Relief was founded in 1997 by Mark Anderson, who anticipated a serious decline in the number of the now-critically endangered Southern Resident killer whales due to the increase of noise in their Salish Sea and Puget Sound habitats. Southern Resident killer whales are limited in geographic range and do not interbreed with other orca populations, and their population fell from 98 to 80 between 1995 and 2001. There was a need for research and education on the causes of this increase in mortality rate, and Orca Relief began raising funds for research performed by scientists at the University of Washington and the Marine Mammal Laboratory at the Fisheries Service, among others. The research that Orca Relief supported has contributed to the current understanding of the causes of Southern Resident killer whale decline—including vessel noise and disturbance—as well as necessary steps to reverse this downward trend.

16. Orca Relief has sponsored several major research projects on orca-vessel interactions, including their energetic effects (the amount of energy expended by whales around vessels) and the effects of engine noise on orca sonar. Orca Relief was actively involved in the successful effort to have the Southern Resident killer whale listed as endangered under the federal Endangered Species Act and to include noise and disturbance reduction in the Fisheries Service's recovery plan for orcas.

COMPLAINT
Civil Action No. 2:19-cv-1299    5

CENTER FOR BIOLOGICAL DIVERSITY
2400 NW 80th St. #146
Seattle, WA 98117
(206) 327-2344

17. The Fisheries Service's failure to respond to Plaintiffs' whale protection zone Petition deprives the Southern Resident killer whale of additional protections that are vitally important to its survival and eventual recovery. The Fisheries Service's protracted failure to act diminishes the aesthetic, recreational, spiritual, scientific, and other interests of Plaintiffs and their members, because without action, Southern Resident killer whales are more vulnerable to the threats of vessel noise and disturbance; collisions; pollution; displacement from key foraging areas; and impaired feeding and reproduction. The absence of the protections the Petition would deliver places the Southern Resident killer whales at greater risk of extinction and reduces their chances of survival and recovery.

18. In the time the Petition has languished before the Fisheries Service, the species has remained vulnerable to harassment and harm in its key foraging area off the coast of San Juan Island, and the population has declined from 80 to 73 individuals. Plaintiffs and their members are injured because their use and enjoyment of Southern Resident killer whales and those areas the whales inhabit are threatened, degraded, and harmed by the Fisheries Service's failure to establish a whale protection zone or, at minimum, to respond to Plaintiffs' Petition. Further, the Fisheries Service's failure to take final action on Plaintiffs' Petition also harms and will continue to harm Plaintiffs' and their members' procedural interests.

19. The above-described cultural, spiritual, aesthetic, recreational, scientific, educational, procedural, and other interests of the Plaintiffs and their members have been, are being, and unless the relief requested herein is granted, will continue to be adversely affected and irreparably injured by the Fisheries Service's continued delay in issuing a final response and establishing a whale protection zone.

20. The relief sought in this case will redress these injuries. A response from the Fisheries Service granting Plaintiffs' request for rules establishing a whale protection zone to

COMPLAINT  
Civil Action No. 2:19-cv-1299                                6

CENTER FOR BIOLOGICAL DIVERSITY  
2400 NW 80th St. #146  
Seattle, WA 98117  
(206) 327-2344

benefit Southern Resident killer whales could reduce water and noise pollution; restrict vessel traffic disturbance; and improve foraging habitat and conditions. These results will increase the chances of Southern Resident killer whale survival and recovery, which in turn will protect Plaintiffs' and their members' enjoyment of and interests in the species and its habitat.

**Defendants**

21. Defendant National Marine Fisheries Service is an agency within the U.S. Department of Commerce. The Fisheries Service is the agency to which the Secretary of Commerce has delegated the authority to protect and manage endangered marine mammals, including Southern Resident killer whales.

22. Defendant Barry Thom is named in his official capacity as the West Coast Regional Administrator of the Fisheries Service. Regional Administrator Thom has the responsibility at the regional level for implementing and fulfilling the agency's duties to protect and manage endangered marine mammals.

23. Defendant Wilbur Ross is named in his official capacity as the Secretary of Commerce. The Secretary is vested with authority over endangered marine mammals under the Endangered Species Act and the Marine Mammal Protection Act. The Secretary has the duty and authority to conserve and recover Southern Resident killer whales and is responsible for the violations alleged in this case. The Secretary has the ultimate duty and authority to issue the agency action requested in this complaint.

**STATUTORY BACKGROUND**

**The Endangered Species Act**

24. The Endangered Species Act ("ESA") was enacted, in part, to provide a "means whereby the ecosystems upon which endangered species and threatened species depend may be conserved." 16 U.S.C. § 1531(b).

COMPLAINT
Civil Action No. 2:19-cv-1299                    7

CENTER FOR BIOLOGICAL DIVERSITY
2400 NW 80th St. #146
Seattle, WA 98117
(206) 327-2344

25. The ESA requires federal agencies to "utilize their authorities in furtherance of the purposes of [the ESA] by carrying out programs for the conservation of endangered species and threatened species." 16 U.S.C. § 1536(a)(1).

26. The ESA defines "conservation" to mean "the use of all methods and procedures which are necessary to bring any endangered species or threatened species to the point at which the measures provided pursuant to this Act are no longer necessary." 16 U.S.C. § 1532(3).

27. An array of statutory protections applies once a species is listed under the ESA. Under the ESA, the Secretary of Commerce is required to develop and implement recovery plans for the conservation and survival of endangered and threatened species. 16 U.S.C. § 1533(f).

28. The ESA generally prohibits "take" of endangered species. 16 U.S.C. § 1538(a). The ESA defines take to mean "harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or to attempt to engage in any such conduct." *Id.* § 1532(19).

29. The Southern Resident killer whale was listed as "endangered" under the ESA in 2005. 70 Fed. Reg. 69,903 (Nov. 18, 2005). The Fisheries Service designated "critical habitat" for the population in 2006. 50 C.F.R. § 226.206; 71 Fed. Reg. 69,054 (Nov. 29, 2006). In 2008, the Fisheries Service issued a recovery plan for the Southern Resident killer whale, which defines actions that are necessary, based upon the best available scientific and commercial data, for the conservation and survival of the species.

### The Marine Mammal Protection Act

30. The Marine Mammal Protection Act ("MMPA") aims to protect marine mammals and their essential habitats from extinction or depletion as a result of human activities. 16 U.S.C. § 1361. It declares that marine mammals "should not be permitted to diminish beyond the point at which they cease to be a significant functioning element in the ecosystem of which they are a part." *Id.* § 1361(2).

COMPLAINT  
Civil Action No. 2:19-cv-1299      8

CENTER FOR BIOLOGICAL DIVERSITY  
2400 NW 80th St. #146  
Seattle, WA 98117  
(206) 327-2344

31. The MMPA prohibits the "take" of marine mammals, 16 U.S.C. § 1372, which includes "any act of pursuit, torment, or annoyance" that has the potential to injure or disturb the migration, breeding, feeding, sheltering, or other behavioral patterns of a marine mammal. *Id.* § 1362(13), (18). The MMPA also mandates that the Fisheries Service "shall prescribe such regulations as are necessary and appropriate to carry out the purposes of [the Act]." *Id.* § 1382(a).

32. The Fisheries Service designated the Southern Resident killer whale as a "depleted" stock under the MMPA in 2003. 68 Fed. Reg. 31,980 (May 29, 2003). Because Southern resident killer whales are listed as "endangered" under the ESA, they are also considered a "strategic" stock under the MMPA. 16 U.S.C. § 1362(19)(C).

**Administrative Procedure Act**

33. The Administrative Procedure Act ("APA") provides general rules governing how federal agencies propose and establish regulations and issue other decisions. 5 U.S.C. §§ 551–706.

34. The APA requires that "[e]ach agency shall give an interested person the right to petition for the issuance, amendment, or repeal of a rule." 5 U.S.C. § 553(e).

35. The APA further requires that "within a reasonable time, each agency shall proceed to conclude a matter presented to it," 5 U.S.C. § 555(b), and that agencies give "prompt notice" if they deny a petition, providing "a brief statement of the grounds for denial." *Id.* § 555(e).

36. Any "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute," has a cause of action under the APA. 5 U.S.C. § 702. Agency action includes an agency's "failure to act." *Id.* § 551(13).

COMPLAINT
Civil Action No. 2:19-cv-1299                    9

CENTER FOR BIOLOGICAL DIVERSITY
2400 NW 80th St. #146
Seattle, WA 98117
(206) 327-2344

37. The APA requires a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

## FACTUAL BACKGROUND

### The Southern Resident Killer Whale

38. Southern Resident killer whales, also known as orcas, are charismatic black and white marine mammals that are an icon of the Pacific Northwest. They are intelligent, social animals that live in highly organized groups known as pods. These killer whales form strong social bonds and have been observed sharing the responsibilities of caring for the young, sick, and injured.

39. Southern Resident killer whales are distinct from other killer whales. They are residents of the Salish Sea and have a unique dialect and diet. Their diet consists primarily of Chinook salmon.

40. The Southern Resident killer whale population is in decline. Southern Resident killer whales have continued to decline since their 2005 listing as an endangered species and are now at grave risk of extinction. The current population includes only 73 whales, the lowest recorded number since 1976.

COMPLAINT
Civil Action No. 2:19-cv-1299
10
CENTER FOR BIOLOGICAL DIVERSITY
2400 NW 80th St. #146
Seattle, WA 98117
(206) 327-2344



**Figure 1.**  Southern Resident killer whales (NOAA Fisheries West Coast 2015)

41. In 2015, the Fisheries Service identified the Southern Resident killer whale as a "Species in the Spotlight" due to its high risk of extinction. The Fisheries Service selected just eight Species in the Spotlight, choosing marine species for which "immediate, targeted efforts are vital for stabilizing their populations and preventing their extinction." The Fisheries Service ranked the Southern Resident killer whale as a "recovery priority #1," which is one whose extinction is almost certain in the immediate future because of rapid population decline or habitat destruction.

42. The primary threats to Southern Resident killer whales are (1) starvation from lack of availability of prey; (2) vessel noise and disturbance that interrupt key foraging and other behaviors; and (3) toxic pollution that bio-accumulates and is stored in the orcas' fat.

43. Killer whales use sound and echolocation to find prey. Noise pollution can mask the clicks they use to locate prey.

44. Disturbance from vessels contributes to lost foraging time, decreased prey consumption, higher energetic outputs, and starvation in Southern Resident killer whales. Research has shown that vessels of all types disrupt normal behavioral patterns and cause the whales to spend more time traveling and less time foraging.

45. Nutritional stress leads to fat metabolism and the release of stored toxins, which can contribute to further harm and reproductive failure.

46. In 2008, the Fisheries Service finalized a recovery plan for the Southern Resident killer whales. The recovery plan identifies vessel disturbance as a threat to the species and prioritizes the management of this threat through regulations or protected areas.

**Plaintiffs' Petition and the Fisheries Service's Failure to Substantively Respond**

47. On November 4, 2016, Plaintiffs filed a Petition with the Fisheries Service requesting that it establish a whale protection zone for Southern Resident killer whales. The Petition sought protections for a 10- to 12-square mile area west of San Juan Island that is essential foraging habitat for the Southern Resident killer whale.

48. Plaintiffs also recommended that the Service analyze and assess appropriate boundaries during rulemaking that are based on best available science and ensure a protected area or network of areas that are most beneficial for the Southern Resident killer whale.

49. To reduce noise and disturbance that can disrupt killer whale foraging, the Petition requested that the Fisheries Service prohibit motorized vessels—with limited exceptions, for example for emergency and enforcement vessels—in a whale protection zone during the months that killer whales most frequently occur in the area (generally between April 1st and September 30th). The Petition also recommended that the Fisheries Service consider providing an exception for other specific vessels or uses, in particular those related to tribal fishing and cultural practices.

50. The Petition recommended a vessel permitting program for motorized commercial and private whale watching combined with education, monitoring, and enforcement programs to enhance vessel compliance within the whale protection zone. The Petition noted that restrictions on vessel distance and speed would help reduce noise exposure, and it recommended a

COMPLAINT
Civil Action No. 2:19-cv-1299                12

CENTER FOR BIOLOGICAL DIVERSITY
2400 NW 80th St. #146
Seattle, WA 98117
(206) 327-2344

requirement for vessels to have automated identification systems, which would improve enforcement of vessel restrictions.

51. In this way, the Petition's proposed regulations sought to address key threats to the survival of the Southern Resident killer whales from prey limitation and noise pollution.

52. The Petition requested that the Fisheries Service promulgate these and other rules to conserve the endangered Southern Resident killer whales pursuant to its duties and authorities under the Endangered Species Act and Marine Mammal Protection Act.

53. In 2009, under these same authorities, the Fisheries Service proposed a rule to establish a similar "no-go" zone west of San Juan Island to protect Southern Resident killer whales from vessel disturbance. *See* 74 Fed. Reg. 37,674, 37,680 (July 29, 2009). The Fisheries Service never finalized the no-go zone, and in 2011 it decided to collect information on the no-go zone "for consideration in a future rulemaking." 76 Fed. Reg. 20,870 (Apr. 14, 2011).

54. It has been nearly 10 years since the Fisheries Service began collecting information and considering such a rulemaking. In the meantime, the population of Southern Resident killer whales has declined from 85 animals in 2009 to a mere 73 animals today.

55. To date, the Fisheries Service has not initiated a rulemaking, denied the Petition, or otherwise substantively responded to the Petition. Plaintiffs have been awaiting a response for almost three years. In that time, the Southern Resident killer whale population has declined, and they remain vulnerable to vessel disturbance in important foraging habitat. The Fisheries Service has withheld action and unreasonably delayed its response to Plaintiffs' Petition.

56. While not required, Plaintiffs provided the Secretary of Commerce and Regional Administrator of the Fisheries Service with notice of these violations more than 60 days prior to the commencement of this case. They have not responded to this notice.

COMPLAINT  
Civil Action No. 2:19-cv-1299            13

CENTER FOR BIOLOGICAL DIVERSITY  
2400 NW 80th St. #146  
Seattle, WA 98117  
(206) 327-2344

## CLAIM FOR RELIEF

### Violations of the Administrative Procedure Act

57. Plaintiffs re-allege and incorporate, as if fully set forth herein, each and every allegation in the preceding paragraphs of this Complaint.

58. The Fisheries Service's protracted and ongoing failure to take final action on Plaintiffs' Petition to establish a whale protection zone for the critically endangered Southern Resident killer whale constitutes an agency action "unlawfully withheld or unreasonably delayed" within the meaning of the Administrative Procedure Act. 5 U.S.C. § 706(1). The Fisheries Service's failure violates the Administrative Procedure Act. *Id.* § 555(b).

59. The Fisheries Service's violations described herein are harming and will continue to harm Plaintiffs' and their members' interests. This Court has jurisdiction to adjudicate these claims and grant Plaintiffs' requested relief to remedy these harms.

## REQUEST FOR RELIEF

For the reasons stated above, Plaintiffs respectfully request that this Court:

1. Declare that the Fisheries Service has violated and continues to violate the Administrative Procedure Act by failing to respond to Plaintiffs' Petition for rulemaking to establish a whale protection zone to benefit Southern Resident killer whales;

2. Order the Fisheries Service to respond to Plaintiffs' Petition no later than December 19, 2019;

3. Award Plaintiffs the costs of this litigation, including reasonable attorney's fees; and

4. Provide such other relief as may be just and proper.

//

//

COMPLAINT
Civil Action No. 2:19-cv-1299                14

CENTER FOR BIOLOGICAL DIVERSITY
2400 NW 80th St. #146
Seattle, WA 98117
(206) 327-2344

Respectfully submitted this 19th day of August 2019,

*/s/ Sarah Uhlemann*
Sarah Uhlemann (WA Bar No. 41164)

*/s/ Sophia Ressler*
Sophia Ressler (WA Bar No. 48406)

CENTER FOR BIOLOGICAL DIVERSITY
2400 NW 80th Street, #146
Seattle, WA 98117
Phone: (206) 327-2344
suhlemann@biologicaldiversity.org
sressler@biologicaldiversity.org

Julie Teel Simmonds (CO Bar No. 32822)
CENTER FOR BIOLOGICAL DIVERSITY
1536 Wynkoop St., Ste. 421
Denver, CO 80202
Phone: (619) 990-2999
jteelsimmonds@biologicaldiversity.org
*Pro hac vice pending*

Catherine Kilduff (VA Bar No. 89727)
CENTER FOR BIOLOGICAL DIVERSITY
801 Boush St., Ste. 200
Norfolk, VA 23510
Phone: (202) 780-8862
ckilduff@biologicaldiversity.org
*Pro hac vice pending*

*Attorneys for Plaintiffs*

COMPLAINT
Civil Action No. 2:19-cv-1299
15
CENTER FOR BIOLOGICAL DIVERSITY
2400 NW 80th St. #146
Seattle, WA 98117
(206) 327-2344